Caton, J. The evidence shows, that about five years previous to the date of the note on which this suit was brought, the defendant had borrowed of his sister three hundred and twenty dollars, for which he gave her his note, and of which he let George 0. Kingsley, the payee in this note, have one-half, upon the agreement that he should pay one-half of the note given to their sister. This he has never done. When the note in controversy was given, the testimony shows that it was agreed between the parties to it, that it should not be paid unless George 0. Kingsley fulfilled his agreement to pay the half of the first note. While it may not be competent, to show by parol the agreement made at the time of the execution of the last note, for the purpose of proving a want or failure of consideration, or to vary its terms; still, the first transaction shows an advance by the defendant, of one hundred and sixty dollars to the payee of this note; which, with interest thereon, amounts to more than is due upon the note, and might properly be set off against it, unless Fessenden, the plaintiff’s intestate, was a bona fide holder of the note. We think, after a careful examination of the record, that the evidence given at the trial was sufficient to warrant the conclusion to which the jury arrived, that the note was not assigned to Fessenden bona fide, and that so much of the amount which was due from the payee to the maker of the note, on account of the advance of the one hundred and sixty dollars, as was necessary to satisfy this note, was properly allowed as a setoff against it. To detail all of the evidence, both direct and circumstantial, which in our opinion justifies this conclusion, would be both tedious and unprofitable, and we do not think it necessary to •do so. The judgment is affirmed. Judgment affirmed^